**Emery M. JORDAN, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 01–3267.

United States Court of Appeals, Federal Circuit.

DECIDED: April 4, 2002.

Rehearing Denied June 5, 200.

Before CLEVENGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

Emery M. Jordan seeks review of the final decision of the Merit Systems Protection Board ("Board") denying his petition to enforce a settlement agreement between Mr. Jordan and the Department of the Air Force, his former employer. *Jordan v. Dep't of the Air Force*, No. SE0752990354–C–1, 90 M.S.P.R. 27 (May 10, 2001). We *affirm*.

I

Mr. Jordan was removed from his position of Facility Manager, GS–7, effective September 5, 1999, because his employer deemed him physically incapable of performing the duties of his position. Mr. Jordan appealed his removal to the Board, and the parties agreed to settle their differences. Accordingly, on November 8, 1999, the Board entered a settlement agreement which it found had been freely and knowingly entered into by both parties. The agreement specified that the Department of the Air Force would cancel the removal action on its records and process instead a disability retirement. The agreement notes that Mr. Jordan "has asked OPM [the Office of Personnel Management] to process his disability retirement." The Board's decision entering the settlement agreement became final on December 13, 1999, when no petition for review was filed with respect to that decision.

On June 2, 2000, Mr. Jordan filed a petition with the Board to enforce the terms of the settlement agreement. Mr. Jordan invoked item 11 of the settlement agreement, which provides that if the agreement is breached, Mr. Jordan has the right to reinstate his challenge to the merits of the removal action. As grounds for breach of the settlement agreement, Mr. Jordan alleged that (a) he received no disability retirement benefit payment until January 24, 2000, (b) that the payment was less than he had expected, (c) OPM stated that it had actually overpaid him and would seek repayment of the overpayment, and (d) that the Department of the Air Force wrongly deducted money from his final paycheck. Mr. Jordan also argued that he filed his disability retirement application with OPM under "duress and coercive conditions" because he should not have been removed, but instead his employer should simply have assisted him with obtaining a disability retirement.

The Administrative Judge denied Mr. Jordan's enforcement petition. The Administrative Judge held that interpretation of the settlement agreement is a matter of law. Interpreting the agreement, the Administrative Judge held that questions regarding the timing and amount of disability retirement payments are the responsibility of OPM, not the Department of the Air Force, citing 5 U.S.C. § 8461. Consequently, Mr. Jordan's complaints about the timing and amount of payments could not prove a breach of the agreement by his former employer. Regarding Mr. Jordan's allegation that his final paycheck was in error, the Administrative Judge noted that the error had been corrected and the issue was thus moot. Finally, the Administrative Judge held that the allegations of duress and coercion related to the entry of the parties into the settlement agreement, a matter that Mr. Jordan had not chosen to contest. In fact, the Administrative Judge noted that Mr. Jordan's enforcement petition sought to enforce, not to undo, the terms of the settlement agreement.

Mr. Jordan sought review by the full Board of the adverse decision by the Administrative Judge. The Board declined review, thus making the decision of the Administrative Judge the final decision of

the Board, and Mr. Jordan timely petitioned for review in this court.

## II

We have jurisdiction to consider Mr. Jordan's petition for review under 28 U.S.C. § 1295(a)(9). Our review of the Board's decision is limited by law. We may not upset the Board's decision unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. We review legal decisions of the Board independently, and decisions of fact to determine if they are supported by substantial evidence. 5 U.S.C. § 7703(c) (2000). In this case we review the Board's legal decision concerning the settlement agreement.

■ The Board correctly decided that OPM, not the Department of the Air Force, is responsible for the timing and amount of disability retirement payments. In the settlement agreement, the Department of the Air Force promised to process Mr. Jordan's departure from government service as a disability retirement instead of as a removal. The Department did what it promised. If Mr. Jordan has complaints about the details of his disability retirement, he must address them to OPM. The Department has not breached the settlement agreement.

We do not understand Mr. Jordan to complain in this court about the matter of the correctness of his final paycheck. In any event, with regard to that issue, we have no reason to doubt that the Department has corrected its error, as stated by the Board.

■ Finally, Mr. Jordan continues to assert that duress and pressure induced him to enter into the settlement agreement. On this point, we also agree with the Board. Mr. Jordan has filed an enforcement petition, which by its terms assumes the validity and enforceability of the settlement agreement. Indeed, the relief he seeks in the enforcement proceeding is to enforce item 11 of the agreement: under that provision a breach of the agreement automatically reinstates Mr. Jordan's earlier challenge to the removal action. Since we conclude that Mr. Jordan has shown no basis upon which the settlement agreement could be said to have been breached, the Board was correct in denying his enforcement petition. We therefore affirm the final decision of the Board.